UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JACKSON LEWIS LLP
*ATTORNEYS FOR DEFENDANT*
58 South Service Road, Suite 410
Melville, New York 11747
(631) 247-0404

ATTORNEY OF RECORD:
    JAMES R. WILLIAMS, ESQ. (JW3004)
    MARC S. WENGER, ESQ. (MW8910)

------------------------------------------------------------

JIMMY ENGLISH, individually and on behalf of others similarly situated,

                                  Plaintiff,

            -against-

ECOLAB, INC.,

                                  Defendant.

**VIA ECF**

Civil Action No. CV 06 5672

**DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT**

------------------------------------------------------------

TO:   MICHAEL SWEENEY, ESQ.
        LAW OFFICES OF DAN GETMAN
        *ATTORNEYS FOR PLAINTIFF*
        9 Paradies Lane
        New Paltz, New York 12561
        (845) 255-9370

       Defendant Ecolab Inc., by its attorneys, Jackson Lewis LLP, for its Answer to the Complaint of Plaintiff Jimmy English, states as follows:

### AS TO "INTRODUCTION"

      1.    Defendant denies the allegations contained in paragraph 1 of the Complaint, except admits that Jimmy English was employed by Defendant and applied pesticides.

2. Defendant denies the allegations contained in paragraph 2 of the Complaint, except admits Plaintiff purports to bring an action on behalf of himself and others, but denies he or others he seeks to represent are entitled to any relief or are entitled to proceed collectively.

## AS TO "JURISDICTION"

3. The statements contained in paragraph 3 of the Complaint constitute legal conclusions as to which no response is required. To the extent that paragraph 3 contains any factual allegations, Defendant denies them.

## AS TO "VENUE"

4. Defendant denies the factual allegations contained in paragraph 4 of the Complaint.

## AS TO "PARTIES"

5. Defendant denies the allegations contained in paragraph 5 of the Complaint, except admits Plaintiff was employed by Defendant Ecolab Inc.

6. Defendant denies the allegations contained in paragraph 6 of the Complaint, except lacks knowledge or information sufficient to form a belief as to what Plaintiff intends the term "Plaintiffs" to mean.

7. Defendant denies the allegations contained in paragraph 7 of the Complaint, except admits Plaintiff purports to bring an action on behalf of himself and others, but denies he or others he seeks to represent are entitled to any relief or are entitled to proceed collectively.

8. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 8 of the Complaint.

9. Defendant admits the allegations contained in paragraph 9 of the Complaint, except states that its correct name is Ecolab Inc.

10. Defendant denies the allegations contained in paragraph 10 of the Complaint, except states that its correct name and address are Ecolab Inc., 870 Wabasha Street North, St. Paul, Minnesota 55102-1390.

11. Defendant admits the allegations contained in paragraph 11 of the Complaint.

12. Defendant admits the allegations contained in paragraph 12 of the Complaint.

13. Defendant admits the allegations contained in paragraph 13 of the Complaint.

14. Defendant admits the allegations contained in paragraph 14 of the Complaint.

### AS TO "FACTS"

15. Defendant denies the allegations contained in paragraph 15 of the Complaint, except admits Plaintiff was employed by Defendant from on or about August 30, 1998 until on or about March 15, 2005.

16. Defendant denies the allegations contained in paragraph 16 of the Complaint, except admits Plaintiff held the title of Service Specialist.

17. Defendant denies the allegations contained in paragraph 17 of the Complaint.

18. Defendant denies the allegations contained in paragraph 18 of the Complaint, except admits Plaintiff was not eligible for overtime compensation for all hours worked over 40 in a work week, as he was an exempt employee.

19. Defendant denies the allegations contained in paragraph 19 of the Complaint.

20. Defendant denies the allegations contained in paragraph 20 of the Complaint.

### AS TO "CAUSE OF ACTION (OVERTIME)"

21. Defendant denies the allegations contained in paragraph 21 of the Complaint.

22. Defendant denies the allegations contained in paragraph 22 of the Complaint.

23. Defendant denies all allegations contained in the Complaint that are not unequivocally admitted herein and further denies that Plaintiff is entitled to any of the relief demanded in the Complaint.

Without assuming the burden of proof as to any of the following defenses where the law does not impose such a burden on Defendant, Defendant asserts the following defenses:

### FIRST AFFIRMATIVE DEFENSE

24. Plaintiff's Complaint fails to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

25. Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitations.

### THIRD AFFIRMATIVE DEFENSE

26. Plaintiff is exempt from the overtime requirements of the FLSA pursuant to, inter alia, 29 U.S.C. §213(b)(1) ("motor carrier exemption") and 29 U.S.C. 207(i).

### FOURTH AFFIRMATIVE DEFENSE

27. Defendant believed in good faith and had reasonable grounds for believing that Plaintiff was exempt from the overtime requirements of the FLSA.

### FIFTH AFFIRMATIVE DEFENSE

28. The Complaint is barred, in whole or in part, pursuant to 29 U.S.C. §259(a), because Defendant has, in good faith, acted in conformity with and in reliance upon written administrative regulations, interpretations and opinion letters with regard to some or all of the acts or omissions alleged in the Complaint.

### SIXTH AFFIRMATIVE DEFENSE

29. The Complaint is barred, in whole or in part, because Plaintiff has failed to satisfy statutory and/or other prerequisites to proceed collectively under 29 U.S.C. §216(b).

### SEVENTH AFFIRMATIVE DEFENSE

30. Plaintiff has been paid all wages due.

### EIGHTH AFFIRMATIVE DEFENSE

31. Plaintiff's Complaint is barred, in whole or in part, to the extent that Plaintiff is estopped by his own conduct from claiming any damages or relief against Defendant.

**WHEREFORE**, Defendant prays that the Court:

a. dismiss the Complaint in its entirety, with prejudice;

b. deny each and every demand and prayer for relief contained in the Complaint;

c. award Defendant reasonable attorneys' fees and costs; and

d. grant such other and further relief as the Court deems just and proper.

Dated: Melville, New York
September 26, 2006

Respectfully submitted,

JACKSON LEWIS LLP
*Attorneys for Defendant*
58 South Service Road, Suite 410
Melville, New York 11747
(631) 247-0404

By: _____s/_____
James R. Williams, Esq. (JW3004)
Marc S. Wenger, Esq. (MW8910)

I:\Clients\E\37976\104406\Pleadings\Answer.doc

## CERTIFICATE OF SERVICE

I hereby certify that on this 26th day of September, 2006, the foregoing document was filed with the Clerk of the Court and served in accordance with the Federal Rules of Civil Procedure, and/or the Eastern District's Local Rules, and/or the Eastern District's Rules on Electronic Service upon the following parties and participants:

> MICHAEL SWEENEY, ESQ.
> LAW OFFICES OF DAN GETMAN
> *ATTORNEYS FOR PLAINTIFF*
> 9 Paradies Lane
> New Paltz, New York  12561

s/<br>
MARC S. WENGER, ESQ. (MW8910)

I:\Clients\E\37976\104406\Pleadings\Answer.doc